**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RODNEY SNEED, #39033,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-2273-G |
| ) | |
| **SHERIFF LESLEY COTTON, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is a *pro se* civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983. As set out more fully below, the court treats this action as a petition for writ of habeas corpus.[1]

---

[1] Plaintiff Rodney Sneed initially filed this action on December 24, 2008, with fellow inmate Kenneth Keith and Tarrence Green. On January 29, 2009, the court dismissed Keith and Green without prejudice. Both individuals have filed their own action on the appropriate form and accompanied by a properly executed motion to proceed *in forma pauperis*. *See Green v. Mayfield, et al.*, 3:08cv2287-L (N.D. Tex., Dallas Div. filed on Dec. 30, 2008) (dismissed for failure to state a claim); *Keith v. Cotton*, 3:09cv0199-M consolidated with 3:09cv0273-M (N.D. Tex., Dallas Div., filed on Jan. 21, 2009) (pending before the undersigned magistrate judge for screening).

<u>Parties</u>:  Plaintiff Rodney Sneed is presently confined at the Navarro County Justice Center in Corsicana, Texas.  Defendants are Sheriff Lesley Cotton, Judge Connie Mayfield, District Attorney Lowell Thompson, and Judge Joe Jackson.

The court did not issue process in this case pending preliminary screening.  On February 20, 2009, the magistrate judge issued a third questionnaire directed only to Plaintiff Sneed.  On March 2, 2009, Sneed filed his answers to the questionnaire.

<u>Statement of Case</u>: Sneed's complaint alleges constitutional violations stemming from his pretrial confinement and inability to post a high bond in Cause No. 31491-CR, which was pending against him in Navarro County at the time of filing of the complaint in this case.  Sneed explained that he had been incarcerated for over one year awaiting trial without a bond reduction.  He requests release from confinement and compensation.

<u>Findings and Conclusions</u>:  A challenge to the reasonableness of a pre-trial bond is cognizable only in a habeas corpus action after exhaustion of state court remedies.  the court construes Sneed's claim challenging his pre-trial bond and his request to be released from confinement as a petition for writ of habeas corpus.[2]

---

[2] The order granting *in forma pauperis* status preliminarily treated Sneed's complaint as a habeas corpus petition, since it did not apply the filing fee provisions of the Prison Litigation Reform Act (PLRA).  *See* 28 U.S.C. § 1915(b) (providing that if a prisoner brings a civil action, as opposed to a habeas corpus action, that he will be required to pay the full filing fee in installments); *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (noting that the PLRA does not apply to habeas corpus proceedings).

On March 31, 2009, Sneed pled guilty and was sentenced to three years imprisonment in Cause No. 31491-CR . The court must determine whether his conviction moots the habeas claims.[3]

Federal courts have jurisdiction over actual "cases and controversies." U.S. Const. art. III; *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208 (1980). A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the proceedings. *Geraghty,* 455 U.S. at 396, S.Ct. at 1208; *Rocky v. King,* 900 F.2d 864, 866 (5th Cir. 1990). It is well established that a habeas case challenging a pretrial bond determination or the validity of a pretrial detention order is rendered moot once the petitioner has been convicted on the underlying criminal charges. *See Fassler v. United States,* 858 F.2d 1016, 1018 (5th Cir. 1988); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir. 1985). *See also Yohey v. Collins,* 985 F.2d 222, 227-28 (5th Cir.1993) (habeas claims arising out of pretrial detention rendered moot by subsequent conviction).

The trial court recently convicted and sentenced Sneed. As such, he can no longer attack the reasonableness of his pre-trial bond and the circumstances surrounding his pretrial incarceration. His request for habeas relief should be dismissed for want of jurisdiction the same being moot. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[4]

---

[3] The Office of the undersigned magistrate judge called the Navarro County District Court Clerk's Office to confirm the status of Plaintiff's criminal case.

[4] Alternatively the request for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies. Plaintiff merely claims filing a pretrial application for habeas corpus relief over three months ago, of which he knows neither the case number nor its current status. (Answer to Questions 6-7 and attachment).

Insofar as Sneed requests monetary compensation under § 1983 based upon the alleged excessive bond imposed by the trial judge, his claim should be dismissed as frivolous and for seeking monetary relief against defendants who are immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (authorizing screening and summary dismissal of *in forma pauperis* actions and certain actions filed by prisoners).  Plaintiff does not claim that Judges Mayfield and/or Jackson acted without jurisdiction in setting his bond.  *See Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288 (1991) (judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978).  Consequently, both judges have absolute immunity against the claims for monetary damages under § 1983.  Likewise, Plaintiff has failed to allege any personal involvement on the part of the Navarro County Sheriff and District Attorney with respect to the alleged illegal confinement caused by the excessive bail.  *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (personal involvement is a pre-requisite to § 1983 liability); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  Moreover, any claim for monetary damages against the Navarro County District Attorney is barred by the doctrine of absolute immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976) (prosecutors enjoy absolute immunity to initiate and purse criminal prosecutions).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's challenge to his pre-trial confinement stemming from the alleged excessive bond, construed as a request for habeas corpus relief, be DISMISSED *sua sponte* for lack of subject matter jurisdiction the same being moot.  *See* Fed. R. Civ. P. 12(h)(3).  It is further recommended that Plaintiff's claim for monetary

damages be DISMISSED with prejudice as frivolous and for seeking relief against defendants who are immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Clerk will mail a copy of this recommendation to Sneed.

Signed this 6th day of April, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.